### Ed Stark v. The State.

No. 11843.   Delivered May 23, 1928.

1.—Theft—Evidence Excluded—Improper Question—No Error Shown.

Where, on a trial for theft, counsel for appellant begins to propound a question to a state's witness by asking, "Didn't you go to the District Attorney's office and—," whereupon state's counsel objected to the question and assured the court that he knew what the answer would be, and that it was not admissible, thereupon the court told counsel for appellant that he might inform the court privately what the answer would be, which counsel for appellant declined to do unless in the presence of the jury, and the question was excluded. No error appears in this procedure, nor was it violative of Art. 1, Sec. 10, of our Constitution.

2.—Same—Continued.

Appellant's bill complaining of the matter does not disclose the nature of the inquiry. The right of the trial judge to prevent the recital of facts not in evidence and obviously irrelevant cannot be questioned. An alleged abuse of the discretion cannot be reviewed in the absence of information in the appellate court of the facts upon which the trial court acted.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. Whit Boyd, Judge.

Appeal from a conviction for theft, penalty two years in the penitentiary.

The opinion states the case.

*Conrad E. Smith* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—Theft of money is the offense, punishment fixed at confinement in the penitentiary for a period of two years.

A plea of guilty was entered. Evidence was heard and the case was properly submitted to the jury. One bill of exceptions is found from which it appears that upon the examination of

the state's witness Stewart, counsel for the appellant asked him this question:

"Didn't you go to the District Attorney's office and——"

Objection was interposed and the District Attorney stated that he knew what the answer would be and that the inquiry before the jury would be improper. The court remarked to counsel for the appellant that he might whisper the question to the judge privately. This he declined to do and insisted that the inquiry be made in the presence of the jury. He made no request that the jury be retired in order that the matter might be investigated. It is insisted in the bill that the procedure deprived the appellant of a public trial as guaranteed by Art. 1, Sec. 10, of the constitution of the state, and was violative of Arts. 2066 and 2067, R. S., 1911. The statutes mentioned pertain to the preparation of bills of exceptions and their applicability to the present matter is not perceived. In qualifying the bill the court stated that the inquiry related to an occurrence subsequent to the commission of the offense and was not a proper subject to go before the jury. Neither in the bill nor in the explanation thereof is the nature of the inquiry disclosed. The right of the trial judge to prevent the recital of facts not in evidence and obviously irrelevant cannot be questioned. An alleged abuse of the discretion cannot be reviewed in the absence of information in the appellate court of the facts upon which the trial court acted.

No error having been perceived, the judgment is affirmed.

*Affirmed.*